UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES OF THE MOSAIC AND
TERRAZZO WELFARE, PENSION,
ANNUITY, AND VACATION FUND, AND
TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL
PENSION FUND,

                Plaintiffs,

-against-

HUDSON TERRAZZO INC.,

                Defendant.

**MEMORANDUM AND ORDER**
Case No. 24-CV-409 (FB) (SDE)

*Appearances:*

*For the Plaintiffs/Counter Defendants:*
JAMES EMMET MURPHY
MAURA S. MOOSNICK
ADRIANNA R. GRANCIO
Virginia & Ambinder, LLP
40 Broad Street
7th Floor
New York, NY 10004

*For the Defendant/Counter Claimant:*
RICHARD J. ABRAHAMSEN
Abrahamsen Law Firm LLC
1001 Avenue Of The Americas
Suite 410
New York, NY 10018

**BLOCK, Senior District Judge:**

Plaintiffs Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation

Funds and Trustees of the Bricklayers & Trowel Trades International Pension Fund (collectively,

the "Trustees") brought this action pursuant to the Employee Retirement Income Security Act

("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"). The Trustees allege

that Defendant Hudson Terrazzo Inc. ("Hudson") failed to make obligatory contributions to

multiemployer employee benefit plans in violation of a collective bargaining agreement ("CBA")

to which both parties were signatories. In their Answer to the First Amended Complaint ("FAC"),

1

Hudson raised three counterclaims: (1) "claims under the LMRA," (2) an ERISA claim, and (3) unjust enrichment. The Trustees' motion to dismiss the counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is currently before the Court. As explained below, the motion is GRANTED and the counterclaims are dismissed.

I.

The Mosaic, Terrazzo and Chemical Product Decorative Finisher Masons Workers Association Local No. 7 of New York, New Jersey & Vicinity of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization that represents skilled tile, marble, and terrazzo craftworkers in the New York area. On July 1, 2017, the Union entered into a five-year CBA with the Marble, Terrazzo, and Specialty Contractors Association, Inc. ("MTSCA"), a multi-employer association. The 2017 CBA expired on June 30, 2022. On July 1, 2022, MTSCA and the Union entered into a new five-year CBA which is in effect until June 30, 2028. The agreements between the Union and MTSCA established a number of employee benefit funds (the "Funds") to which signatory employers are required to make contributions to for each hour of work performed by union members. Pl's Ex. A, Art. XVII. The Trustees are fiduciaries of the Funds. FAC, ¶ 4.

Hudson is not a member of MTSCA, but they nonetheless signed the CBA as an Independent Employer. Def. Opp. to Mot. To Dismiss, 15, ECF No. 52; Pl's Ex. A, p.34, ECF No. 48-1. Confusingly, Hudson seems to have signed the 2017 CBA on July 7, 2022, nearly a week after that CBA expired for the members of the MTSCA. However, the Independent Employer agreement which Hudson signed announced that it would "automatically renew itself and continue in full force and effect from year to year unless written notice of election to terminate or modify" was given by either party. *Id.* There is no indication that Hudson ever gave

2

such written notice to the Union. While the pleadings are silent as to why Hudson signed the otherwise-expired 2017 CBA, a plain reading of the agreement suggests they are bound by its terms.

II.

A motion to dismiss a counterclaim under Rule 12(b)(6) is subject to the same standard as a motion to dismiss a complaint, with the counterclaim's factual allegations accepted as true. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019).[1] "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when "the [counterclaimant] pleads factual content that allows the court to draw the reasonable inference that the [counterdefendant] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Id.* Courts "draw all reasonable inferences in [the counterclaimant's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Fed. R. Civ. P. 12(b)(1) permits a party to bring a motion to dismiss for lack of subject matter jurisdiction. There are two types of challenges under Rule 12(b)(1): "facial, i.e., based solely on the allegations of the complaint and exhibits attached to it, or fact-based, i.e., based on

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

evidence beyond the pleadings." *Harty v. West Point Realty, Inc.,* 28 F.4th 435, 441 (2d Cir. 2022). When a counterdefendant makes a fact-based 12(b)(1) motion, "the [counterclaimant] will need to come forward with evidence of their own to controvert that presented by the [counter]defendant." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). "[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016)

Here, the Trustees have presented the Court with the CBA and the Independent Employer agreement signed by Hudson. *See* Pl's Ex. A. These documents raise factual challenges to Hudson's standing under the LMRA and ERISA. Hudson, in response, has attached a number of exhibits to its motion to dismiss, none of which directly controvert the fundamental jurisdictional issues described below. *See* Def's Exs. A–E, ECF Nos. 52-1, 52-2.

### III.

Hudson's first counterclaim is for "claims under the LMRA," wherein it alleges that the Trustees violated the LMRA's Equal Representation rule which requires that "employees and employers [be] equally represented in the administration of [employee benefit funds]." LMRA § 302(e)(5)(B) *codified at* 29 U.S.C. § 186(e). Hudson contends that because it is not a member of the MTSCA and because it has no direct bargaining relationship with the Union, it is not represented equally as required by the LMRA. Answer, 11, ECF No. 32. The Trustees move to dismiss this claim for lack of subject matter jurisdiction and for failure to state a claim.

Section 302 of the LMRA prohibits employers from making unauthorized payments to employee representatives (§ 302(a)), prohibits employee representatives from receiving such payments (§ 302(b)), and grants jurisdiction to district courts to "restrain violations of this section." 29 U.S.C. § 186(a)–(b). The Supreme Court has ruled that this jurisdictional grant is

4

limited to claims involving such payments. *Local 144 Nursing Home Pension Fund v. Demisay*, 508 U.S. 581, 587–588 (1993) ("By its unmistakable language, § 302(e) provides district courts with jurisdiction 'to restrain violations of this section.' A 'violation' of § 302 occurs when the substantive restrictions in §§ 302(a) and (b) are disobeyed."). In summary, because § 302's jurisdictional grant is limited to violations of § 302(a) and (b), district courts do not have jurisdiction over alleged violations of the § 302(c) requirements, e.g., the Equal Representation rule implicated in Hudson's claim. *Id.* at 588 ("[F]ailure to *comply* with [§ 302(c)] may be a breach of their contractual or fiduciary obligations and may subject them to suit for such breach; but it is no violation of § 302.") (emphasis in original).[2] As the Court lacks jurisdiction to hear Hudson's counterclaim, the claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(1). And because the Court lacks jurisdiction, it need not address the 12(b)(6) element of the Trustees' motion.

Hudson's second counterclaim is for "ERISA claims." The Court need not dive into this Counterclaim's vague and conclusory allegations because Hudson lacks standing to bring this claim as well. Section 502(a) of ERISA, 29 U.S.C. 1132(a), limits standing to specifically named groups: plan participants, beneficiaries, fiduciaries, and the Secretary of Labor. Employers, like Hudson, are not included on this list, and the Second Circuit has repeatedly maintained that employers lack standing to bring suit under ERISA. *Tuvia Convalescent Ctr., Inc. v. Nat'l Union of Hosp. & Health Care Emps.*, 717 F.2d 726, 729–30 (2d Cir. 1983); *Pavers & Rd. Builders*

---

[2] Hudson suggests in their Memorandum of Law that their "LMRA claim" should be interpreted as claim for breach of contract under LMRA § 301, but the Trustees are not party to the CBA and therefore are not proper defendants for a § 301 claim for breach. *See e.g., Cruz v. Robert Abbey, Inc.,* 778 F. Supp. 605, 610 (E.D.N.Y. 1991) ("In order to state a [LMRA § 301] claim against [defendant] the complaint must allege that [defendant], was a signatory to the collective bargaining agreement."). "There is no federal jurisdiction under § 302 of the LMRA over the claims as alleged in Plaintiffs' Complaint, and Plaintiffs cannot create jurisdiction by repackaging the allegations as § 301 breach of contract claims." *Reade v. Allied Trades Council*, 2005 U.S. Dist. LEXIS 29690, at *17 (S.D.N.Y. Oct. 7, 2005).

5

*Dist. Council Pension Fund v. Nico Asphalt Paving, Inc.*, 248 F. Supp. 3d 374, 380 (E.D.N.Y. 2017) ("[E]mployers do not have standing . . . under ERISA's civil enforcement provisions."). Accordingly, Hudson's second counterclaim is dismissed for lack of jurisdiction as well.

Hudson's final counterclaim is for unjust enrichment. This is a state law claim which Hudson pleaded under the Court's supplemental jurisdiction. 28 U.S.C. § 1367. Although the Court has dismissed Hudson's two federal counterclaims, it nonetheless has supplemental jurisdiction over this state-law counterclaim because it arises from the same occurrence or transaction as the Trustees' original claims and is therefore a compulsory counterclaim pursuant to Fed. R. Civ. P. 13(a). *D'Jamoos v. Griffith*, 368 F. Supp. 2d 200, 203 (E.D.N.Y. 2005) ("Courts have supplemental jurisdiction over compulsory counterclaims regardless of whether there is an independent basis for jurisdiction over those claims.").

Nonetheless, Hudson's unjust enrichment counterclaim is preempted. "ERISA expressly preempts state laws that 'relate to' employee benefit plans." *Office Create Corp. v. Planet Ent., LLC*, 140 F.4th 96, 102 (2d Cir. 2025) (*quoting* 29 U.S.C. §1144(a)). "A claim under state law relates to an employee benefit plan if that law has a connection with or reference to such a plan." *Franklin H. Williams Ins. Trust v. Travelers Ins. Co.*, 50 F.3d 144, 148 (2d Cir. 1995). "Although plaintiff's state claim is based on a common law theory, such claims may still be expressly preempted if they relate to an employee benefit plan." *Star Multi Care Servs. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 291 (E.D.N.Y. 2014). Here, Hudson's claim for unjust enrichment is deeply entwined with the terms of the CBA and the Trustees' management of the Plan. Therefore the claim for unjust enrichment clearly "relates to" the employee benefit plan and as such is preempted by ERISA § 514(a). Hudson's third counterclaim is therefore dismissed.

6

## CONCLUSION

Accordingly, Hudson's counterclaims are dismissed in their entirety.

**SO ORDERED**.

    /S/ Frederic Block     
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 30, 2026

7